JOHN A. HAMILTON V. STATE

No. 27,167. December 15, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) February 9, 1955

Appellant represented himself.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon trial before the court on a plea of not guilty, a jury being waived, appellant was convicted of driving a motor vehicle upon a public highway while intoxicated, and was assessed a fine of $50 and 30 days in jail.

One of the bills of exception reflects that the trial judge ordered the jail term probated and that appellant complained of some of the conditions of the probation.

In view of our holding in Gilderbloom v. State, 160 Texas Cr. Rep. 471, 272 S.W. 2d 106, and the absence of any provision for probation in the judgment, the complaint as to the conditions of the probation need not be further discussed.

The sufficiency of the evidence to sustain the conviction is not questioned.

It would serve no useful purpose to set out the evidence heard at the trial. Suffice it to say that there was evidence offered by the state to support a finding by the court that appellant, while intoxicated, drove his automobile on the public streets from his home to a barber shop. Appellant himself testified that he took a big drink of whiskey just prior to leaving his house, but claimed that because of his having built up a strong tolerance for liquor he could not feel it until after he got in the barber chair.

Bill of Exception No. 1 complains that the trial court prejudged the case before hearing the evidence and, in arriving at a decision and rendering judgment, took into consideration matters known to him personally, in no way connected with the case, and not in evidence.

We are pointed to no fact considered by or known to the judge which was improperly considered by him in rendering his judgment, and the bill does not show reversible error.

Bills Nos. 2 and 3 are bottomed upon the fact that the state's original evidence related to his driving from his home to the barber shop at about 3 p.m. and the further fact that in rebuttal the state offered testimony to the effect that appellant was driving his automobile in an erratic manner on a highway a mile from town at about 1:30 or 2 o'clock p.m. the same day.

If we understand appellant's contention in these bills it is that the trial judge considered two separate acts of driving while intoxicated in arriving at his verdict, while only one was charged in the complaint and information, and in the event of a subsequent indictment or complaint he would not be able to plead former jeopardy as to either.

We do not follow appellant's theory that two separate and distinct offenses were proved or that he is in danger of a subsequent prosecution for the offense for which he was here convicted.

The judgment is affirmed.